***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted January 24, reversed and remanded March 13, 2024

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAHEIM ANTONE CARTER,
*Defendant-Appellant.*

Lane County Circuit Court
21CR44421, 21CR44413, 21CR44416;
A177524 (Control), A177978, A177979

Bradley A. Cascagnette, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

In Case No. 21CR44421, reversed and remanded. In Case Nos. 21CR44413 and 21CR44416, affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for felon in possession of a firearm, ORS 166.270(1), and felon in possession of body armor, ORS 166.642. He assigns error to the denial of his motion to suppress.[1] We reverse.

The parties agree on the facts as the trial court found them and, up to a point, the legal consequences of those facts. Officer Saylo received a report that defendant had kidnapped Zerbill and that defendant had a gun and body armor. Other officers saw Zerbill and defendant in a car and stopped them. They spoke with Zerbill and defendant separately. Zerbill informed Officer Russell that she was not being kidnapped, and, when Saylo arrived, told him the same thing. Around the same time, other officers learned from a patdown of defendant that he was wearing body armor and had a bullet in his pocket.

The parties agree that the officers initially had reasonable suspicion of kidnapping. The parties' main dispute concerns what happened next and whether reasonable suspicion of kidnapping dissipated; if so, at what point; and whether, by the time reasonable suspicion of kidnapping had dissipated, officers had reasonable suspicion that defendant was a felon in possession of body armor. After speaking to Zerbill for approximately two minutes, Saylo and another officer, Biallas, asked Zerbill for consent to search her car. At that point, as noted above, Zerbill had denied that she was being kidnapped, and officers knew that defendant was wearing body armor, had a bullet in his pocket, and had been reported to have a gun. Officers also knew, based on information from a "soft run" from dispatch, that defendant "had been associated [with] some type of felonies in prior contacts" —"not necessarily a conviction, but any—associated to any felonies,"[2] and that he "had been stopped and contacted for prior felonies."

---

[1] Defendant also assigns error to the trial court's failure to give a less satisfactory evidence instruction. He also contends that the statutes that criminalize felon in possession of a weapon and body armor are facially unconstitutional under the Second Amendment. Because we reverse on defendant's first claim of error, we do not reach those issues.

[2] Biallas explained that he understood that defendant "had local history, I guess, for felonies. When dispatch runs somebody, they see that, you know,

Zerbill agreed to the request to search the car.[3] Officers found a gun on the passenger side of the car, where defendant had been sitting, in a duffle bag. At some point between getting consent to search the car and finding the gun, officers received information from dispatch that defendant had prior felony convictions.

Defendant moved to suppress the evidence derived from the stop, arguing that, although the police had reasonable suspicion to stop defendant to investigate whether a kidnapping had occurred, any reasonable suspicion had dissipated by the time that the police searched defendant and the car. The trial court denied the motion to suppress. It concluded that officers had reasonable suspicion of kidnapping that had not dissipated at the point in time that officers patted defendant down and found the body armor, at which point, "probable cause for the crime of body armor was created," and officers lawfully detained him for that crime.

On appeal, defendant reprises his arguments. More specifically, defendant maintains that, contrary to the trial court's ruling, the officers' reasonable suspicion of kidnapping had dissipated before the officers developed reasonable suspicion that defendant was a felon in possession of body armor.

We agree. At the latest, reasonable suspicion of kidnapping dissipated when Saylo arrived at the scene, spoke with Russell and Zerbill, and confirmed that Zerbill had been with defendant voluntarily. *See State v. Garcia*, 276 Or App 838, 850-51, 370 P3d 512 (2016) (concluding that reasonable suspicion had dissipated once officers investigated a report of domestic violence, but the victim was not injured and did not ask for assistance).

At that same point, although officers knew that defendant was wearing body armor and had a bullet, they did not have reasonable suspicion that he was a felon. To be sure, officers knew from dispatch's "soft run" that defendant had prior "associations" with felonies or felony "contacts."

---

whether—not necessarily a conviction, but any—associated to any felonies or anything like that, so."

[3] It is undisputed that the stop was still ongoing when officers requested Zerbill's consent to search the car.

However, the record does not explain what it means to be associated with or contacted regarding a felony, or how often people in those groups have felony convictions, which is all that is relevant to the crime of felon in possession. An officer testified that defendant had "local history of felonies," but not necessarily convictions; that information, without more, did not give rise to reasonable suspicion that defendant was a felon. The idea that an officer could develop reasonable suspicion that a person is a felon solely from having knowledge that the police had previously contacted that person regarding a felony runs directly contrary to the fundamental precept that people are innocent of crimes until proven guilty. And absent more specific information about whether defendant was a felon, officers did not have reasonable suspicion that he was a felon in possession of body armor or a weapon. *See State v. Kingsmith*, 256 Or App 762, 771-72, 302 P3d 471 (2013) ("[M]ere proximity to suspected criminal activity, or association with a suspected (or known) criminal, is insufficient to support reasonable suspicion.").

In Case No. 21CR44421, reversed and remanded. In Case Nos. 21CR44413 and 21CR44416, affirmed.